IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Vante Birch, | ) |
| Plaintiff, | ) Civil Action No. 6:14-4576-DCN-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Raquel Cain, | ) |
| Defendant. | ) |

      The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

      On July 28, 2015, the defendant filed a motion for summary judgment. On July 29, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due by September 3, 2015. Despite this explanation, the plaintiff did not respond to the motion.

      As the plaintiff is proceeding *pro se*, the court filed a second order on September 16, 2015, giving the plaintiff through October 6, 2015, in which to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions.  It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Meanwhile, the defendant is left to wonder when the action against her will be resolved.  The plaintiff has not responded to the defendant's motion for summary judgment or the court's orders requiring him to respond.  Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit.  No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  *Ballard*, 882 F.2d at 95.

s/ Kevin F. McDonald
United States Magistrate Judge

October 7, 2015
Greenville, South Carolina